**Abatement Order filed December 16, 2014**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-14-00312-CR
_____

**ALLEN EDWARD LOPEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1394962**

---

## ABATEMENT ORDER

The reporter's record was filed on May 5, 2014. Appellant has filed two motions: (1) Motion for Leave to File Video Exhibit; and (2) Motion to Supplement the Record and Alternative Motion to Abate Appeal to Allow Supplementation. No response has been filed by the State.

The motions concern three items that were not admitted into evidence: (1) the video recording of the traffic stop; (2) the search warrant for a blood draw and

its supporting affidavit; and (3) the results of the blood test. The motion does not reflect the parties have agreed to what extent the trial court viewed these items and the record is unclear. We therefore abate this appeal for a hearing in the trial court to determine whether the trial court considered these three items, and to what extent, if not fully, in denying appellant's motion to suppress. *See Amador v. State,* 221 S.W.3d 666, 673-77 (Tex. Crim. App. 2007) (citing Tex. R. App. P. 34.6(e)).

Pursuant to Texas Rule of Appellate Procedure 34.6, the judge of the District Court shall immediately conduct a hearing at which appellant, appellant's counsel, and state's counsel shall participate, either in person or by video teleconference, to determine to what extent the trial court viewed (1) the video recording of the traffic stop; (2) the search warrant for a blood draw and its supporting affidavit; and (3) the results of the blood test. The judge shall see that a record of the hearing is made, shall make findings of fact, and shall order the trial clerk to forward a transcribed record of the hearing, a videotape or compact disc, if any, containing a recording of the video teleconference, and a supplemental clerk's record containing the findings. Those records shall be filed with the clerk of this court within thirty days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the trial court's findings and recommendations are filed in this Court. The Court will also consider an appropriate motion to reinstate the appeal filed by either party, or the Court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this Court's order. If the parties do not

request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM

Panel consists of Justices Jamison, Busby and Wise.